# Exhibit 3

# [RELATORS' MEMORANDUM IN SUPPORT OF COMPLAINT FOR WRIT OF MANDAMUS]

# Filed in Ohio Supreme Court Case no. 2018-701 (MAY 18, 2018)

# IN THE SUPREME COURT OF OHIO

STATE EX REL.  CORNELIUS J. CLEMONS  :

     Relator,                :  Case No. **18 - 0701**

vs.                         :

GOVERNOR  JOHN  KASICH       :

                             :  Original Action in Mandamus

     Respondent,           :

---

## RELATORS'  MEMORANDUM  IN  SUPPORT OF COMPLAINT FOR WRIT OF MANDAMUS

---

| CORNELIUS J. CLEMONS<br>1280 Norton Avenue Apt. 304<br>Columbus, Ohio 43212<br>(614) 816-3416; 450-2676<br>Teff980@yahoo.com<br>Pro se, Counsel | |

Dated:     May  18  , 2018



FILED

MAY 1 8 2018

CLERK OF COURT
SUPREME COURT OF OHIO

## I.    INTRODUCTION

This case presents an action at law to acquire and possess property appropriated under Ohio Constitution Article II § 35 as in accordance with 42 U.S.C. § 1981 and COTUS Fifth Amendment as applied to States through COTUS Fourteenth Amendment. Relator Mr. Clemons brings this action after having been deprived of payments of his, Injured Workers', Compensation; and after, having suffered extreme destitution, as so still similarly present, while congruently suffering from physical ailment and affliction from a work injury.

## II.    JURISDICTION

This Honorable Court's Subject Matter Jurisdiction is invoked pursuant Constitution of The United States (hereinafter COTUS) Fifth Amendment, and COTUS Fourteenth Amendment § 1, Federal Statutes at Large § 1977 (hereinafter 42 U.S.C. § 1981), Ohio Constitution Article IV § 2 (B) (1) (b) Mandamus, Ohio Constitution Article IV § 2 (B) (1) (f), and Ohio Constitution Article IV § 2 (B) (3), as it relates to this proceeding of Mandamus through Ohio Rev. Code § 2731.06, and/or Ohio Rev. Code § 2731.07.

This Honorable Court has Person Jurisdiction of Governor John Kasich, in official capacity, as  supreme executive power of this state, as in accordance with Ohio Constitution Article III § 5, pursuant 42 U.S.C. § 1981 and COTUS Fifth Amendment as applied to States through COTUS Fourteenth Amendment § 1.

## III.    PETITION

1

United States Citizen and Ohio resident Cornelius Clemons (hereinafter Mr. Clemons) hereby invokes the Jurisdiction of the Ohio Supreme Court under Ohio Constitution Article IV § 2 (B) (1) (b) Mandamus, Ohio Constitution Article IV § 2 (B) (1) (f), Ohio Constitution Article IV § 2 (B) (3), Ohio Constitution Article IV § 2 (C), 42 U.S.C. § 1981, COTUS Fifth Amendment as applied to State through COTUS Fourteenth Amendment § 1; and moves this honorable Court to issue Peremptory Writ of Mandamus, and/ or Alternative Writ of Mandamus, to comply with order or show cause; pursuant Ohio Rev. Code § 2731.06, or Ohio Rev. Code § 2731.07; to State of Ohio Governor John Kasich to wit: make payment to Cornelius Clemons, via bank transfer to his bank account ending in [227] or else-wise a check substitute, his compensation appropriated him under ratified legislation of Ohio Constitution Article II § 35, as so determined by this Court, from out of the State Fund Insurance for Injured Workers.

IV.  **STATEMENT OF CASE**

    A.  **WRIT OF MANDAMUS**

        1.  **Clear Legal Duty of Governor**

Pursuant COTUS Fifth Amendment as applied to States through COTUS Fourteenth Amendment; Governor John Kasich, as appropriately denominated as the State, is required by the COTUS Fourteenth Amendment § 1 Prohibitions: not to make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws. See

2

ex parte Virginia, 100 US 339, 347 S. Ct. (1880); and COTUS Fourteenth Amendment.

Pursuant Ohio Constitution Article III § 5, "The supreme executive power of this state shall be vested in the governor"; as such, Governor John Kasich has the power & function as executive; and consequently the legal duty pursuant COTUS Fourteenth Amendment § 1; to perform the, Executive branch's, function of making payment to Relator Mr. Clemons his compensation; where-as, in this Mandamus Petition under 42 U.S.C. § 1981 it is so demanded; and wherein it is Governor John Kasich's ministerial duty.

Pursuant 42 U.S.C. § 1981, Relator Mr. Clemons shall be afforded COTUS Fifth Amendment Due Process of Law protections in the enforcement of contract for the security of his property; inclusive of full and equal benefit of this Ohio Rev. Code § 2731.06, or Ohio Rev. Code § 2731.07 Mandamus Proceeding. See Lynch v. United States, 292 US 571, 579 S. Ct. (1934); see also 42 U.S.C. § 1981. Pursuant COTUS Fifth Amendment Due Process of Law, Relator Mr. Clemons has the right to the acquisition and possession of his compensation. See Holden v. Hardy, 169 US 366, 390, 391 S. Ct. (1898). Relator Mr. Clemons' 42 U.S.C. § 1981 and COTUS Fifth Amendment Due Process of Law right of acquisition and possession of his compensation, upon this demand in Mandamus, forms a legal duty on behalf of Respondent, Governor John Kasich, to make payment to Relator Mr. Clemons, so as not to violate the prohibitions of COTUS Fourteenth Amendment § 1.

## 2. Clear Legal Duty of Ohio Supreme Court

Pursuant COTUS Fifth Amendment as applied to States through COTUS Fourteenth Amendment § 1; this Court, as the State, is required to provide Relator Mr. Clemons a hearing at a meaningful time and in a meaningful manner. See Armstrong v. Manzo, 380 US 545, 552 S. Ct. (1965). Pursuant Ohio Constitution Article IV § 2 (B) (1) (b) Mandamus; this Court has Original Jurisdiction of this action of Mandamus in justiciable controversy against Governor John Kasich to compel payment to Relator Mr. Clemons, his compensation; and pursuant Ohio Constitution Article IV § 2 (B) (1) (f) this Court's has the extended power to grant Declaratory Judgment as may be necessary to issue Mandamus relief; wherefore, said hearing does not extend the jurisdiction of the subject matter. See State, ex rel. Foreman v. Court, 12 Ohio St. 2d 26, 28 Ohio S. Ct. (1967). This Court, in this mandamus action, have a duty to construe constitutions, charters, and statutes, if necessary, and thereafter evaluate whether the Relator has established the required clear legal right and clear legal duty. See State ex rel. Fattlar v. Boyle, 83 Ohio St. 3d 123 S. Ct. (1998). This Court must construe Relator Mr. Clemons' property interest under Ohio Constitution Article II § 35; must construe Relator Mr. Clemons' rights in the enforcement of quid pro quo Ohio Constitution Article II § 35 for the security of his property as held pursuant COTUS Fifth & Fourteenth Amendments, 42 U.S.C. § 1981, and COTUS Article I § 10 (Contract Clause); and must construe Respondent Governor John Kasich's legal duty pursuant COTUS Fourteenth Amendment § 1.

Pursuant 42 U.S.C. § 1981 and COTUS Fifth Amendment as applied to States

4

through COTUS Fourteenth Amendment § 1; this Court, as the State, is required to provide Relator Mr. Clemons with Due Process of Law's required and necessary procedure, as Writ of Mandamus, for which provides for Relator Mr. Clemons' acquisition and possession of his demanded Compensation. Where-as the requested Writ of Mandamus is a completion of the construing of 42 U.S.C. § 1981 COTUS Fifth Amendment as applied to States through COTUS Fourteenth Amendment § 1; the requested Writ of Mandamus is Judicial Legislation in cognizance of the ministerial duty required of Governor John Kasich pursuant COTUS Fourteenth Amendment § 1's Provisions/ Prohibitions and 42 U.S.C. § 1981.

### 3. Clear Legal Right of Relator Mr. Clemons

Pursuant 42 U.S.C. § 1981 and COTUS Fifth Amendment as applied to States through COTUS Fourteenth Amendment § 1; Relator Mr. Clemons has a Clear Legal Right to enforce Ohio Constitution Article II § 35 for the security of his property in Mandamus Proceeding; whereas, Relator Mr. Clemons does not need to prove the amount of damages, and Ohio Constitution Article II § 35 is Quid Pro Quo Legislation. See Duke Power Co. v. Carolina Environmental Study Group, Inc., 438 US 59, 93 (S. Ct. 1978); see also New York Central R. Co. v. White, 243 US 188, 201 (S. CT. 1917), see also Lockheed Aircraft Corp. v. United States, 460 US 190, 194 (S. Ct.1983).

Pursuant 42 U.S.C. § 1981 and COTUS Fifth Amendment as applied to States through COTUS Fourteenth Amendment § 1; along with the addition of Ohio Rev. Code § 2721.03 and Ohio Constitution Article IV § 2 (B) (1) (f); Relator Mr. Clemons has the

Clear Legal Right to have his claim to Property Rights heard in an action compelling payment of his Compensation appropriated pursuant Quid Pro Quo Legislation Ohio Constitution Article II § 35; whereas the doing of such does not expand the Court's Subject Matter jurisdiction of Mandamus; but, only is upon review so as necessary to complete determination of the issuance of Mandamus Writ. See Lynch v. United States, 292 US 571, 579 S. Ct. (1934); see also Holden v. Hardy, 169 US 366, 390, 391 S. Ct. (1898); see also State, ex rel. Foreman v. Court, 12 Ohio St. 2d 26, 28 Ohio S. Ct. (1967).

Relator Mr. Clemons has a Clear Legal Right to Compensation from the State Fund Insurance for Injured Workers as a valid Claimant; having thus a valid Claim number and Policy number; and being a State Fund covered Injured Workmen as recognized in Ohio Constitution Article II § 35. Ohio Constitution Article II § 35 as ratified Quid Pro Quo Legislation as containing the appropriate Mutuality of Obligation, Purpose that is consistent with Due Process of Law/ Law of the Land, and Public Policy, Offer, Consideration, Competency and Capacity as State Legislation, and as supported with Acceptance legislation of Ohio Rev. Code § 4123.74 appropriates unto Relator Mr. Clemons the moderate Compensation in all cases of injury as Damages resulting from Relator Mr. Clemons' accidental injury occasioned in the course of his employment with employer Kenco Logistics; for which Relator Mr. Clemons has a certain and speedy remedy without the difficulty and expense of establishing negligence or proving the amount of the damages. See Ohio Constitution Article II § 35; see also Ohio Rev. Code

§ 4123.74; see also Duke Power Co. v. Carolina Environmental Study Group, Inc., 438 US 59, 93 (S. Ct. 1978); see also New York Central R. Co. v. White, 243 US 188, 201 (S. CT. 1917), see also Lockheed Aircraft Corp. v. United States, 460 US 190, 194 (S. Ct.1983).

Pursuant COTUS Fifth Amendment as applied to States, in their non-sovereign capacity, through COTUS Fourteenth Amendment § 1; Governor John Kasich, as the Supreme Executive Power of the State, has the Ministerial Duty to make Payment to Relator Mr. Clemons his appropriated Compensation upon Relator Mr. Clemons' demand of acquisition of property through Writ of Mandamus under 42 U.S.C. § 1981 so as not to deprive Relator Mr. Clemons of property without Due Process of Law in violation of COTUS Fourteenth Amendment § 1; and wherefore, Governor John Kasich has the power & function; and thus so the Ministerial Duty pursuant Ohio Constitution Article III § 5 and COTUS Fourteenth Amendment § 1 respectfully; therefore Relator Mr. Clemons has the Clear Legal Right to enforce contract in compelling payment of his Compensation for the security/ acquisition of his property. See ex parte Virginia, 100 US 339, 347 S. Ct. (1880) see also Runyon v. McCrary, 427 US 160, 203 S. Ct. (1976); see also Lynch v. United States, 292 US 571, 579 & 580 S. Ct. (1934); see also Fuentes v. Shevin, 407 U. S. 67 (1972); see also Cafeteria & Restaurant Workers Union v. McElroy, 367 U. S. 886, 895 (1961).

### 4.    No Plain and Adequate Remedy At Law

Pursuant 42 U.S.C. § 1981 and COTUS Fifth Amendment as applied to States

through COTUS Fourteenth Amendment § 1; Relator Mr. Clemons does not need to establish that there is, no plain and adequate remedy at law; whereas, Relator Mr. Clemons 42 U.S.C. § 1981 & COTUS Fifth Amendment rights by the clear language of the Law provides for the usage of Mandamus proceeding. See 42 U.S.C. § 1981; see also COTUS Fifth Amendment & Fourteenth Amendment § 1; see also COTUS Article I § 10 (Contract Clause); see also State ex rel. Steckman v. Jackson, 70 Ohio St. 3d 420, 426, 427 Ohio: S. Ct. (1994). Also, there exist no plain and adequate remedy at law; wherefore, in order for Governor John Kasich to appropriately and properly perform his Ministerial Duty of making payment to Relator Mr. Clemons, his Compensation appropriated under Ohio Constitution Article II § 35; Judicial Legislation in construing COTUS Fourteenth Amendment § 1's, Due Process of Law is required.

Pursuant Ohio Constitution Article III § 5, Governor John Kasich is vested with the supreme executive power of state. As such, Governor John Kasich has the power and function to make payment to Relator Mr. Clemons his Compensation; but, Governor John Kasich may lack the Authority in his Separation of Powers as Supreme Executive; because, for the Executor of the Law to lawfully make payment to Relator Mr. Clemons, COTUS Fourteenth Amendment § 1 must be construed and made cognizance as Law requiring Action. Thus, without Writ of Mandate from this Court, Governor John Kasich may have no authority to make payment and surely Relator Mr. Clemons is without a proper demand, besides COTUS Fourteenth Amendment § 1's Prohibition, to require payment. See State v. Bodyke, 126 Ohio St. 3d 266, 275-278 Ohio S. Court (2010)

8

### B.    DECLARATORY JUDGEMENT

**Each and every paragraph/ statement is incorporated as if fully written herein.**

#### 1.    <u>A Real Controversy Between The Parties</u>

Relator Mr. Clemons alleges that he is appropriated property under Ohio Constitution Article II § 35; for which he petitions this Court in Mandamus to compel Governor John Kasich to make payment of. Relator Mr. Clemons in accordance with his rights afforded him pursuant 42 U.S.C. § 1981 and COTUS Fifth Amendment as applied to States through COTUS Fourteenth Amendment § 1 demands of this Court Final Judgment in the appropriation of his property rights under Ohio Constitution Article II § 35 as necessarily required to make issuance of Relator Mr. Clemons requested Mandamus relief.

#### 2.    <u>Controversy Justiciable In Character</u>

Ohio Constitution Article II § 35 is a written instrument cognizant as ratified Ohio Quid Pro Quo legislation of which appropriates property unto Relator Mr. Clemons for which must be judicially reviewed so as to provide a determination of Relator Mr. Clemons property rights.

#### 3.    <u>Speedy Relief Is Necessary To Preserve The Rights Of The Parties</u>

To date from approximately the latter part of year 2010; Relator Mr. Clemons has under gone and does undergo several capacities of destitution, due to not having acquired for his possession, the property appropriated him under Ohio Constitution Article II § 35. Now presently, Relator Mr. Clemons, pursuant his right to be heard and

9

his right to the acquisition of property, seeks Mandamus relief and Declaratory Judgment, as necessary, to exercise his right of possession of his property. See Holden v. Hardy, 169 US 366, 390, 391 S. Ct. (1898).

## V.    CONCLUSION

Based on the foregoing, Relator Mr. Clemons pursuant his 42 U.S.C. § 1981 rights as supported by COTUS Fifth Amendment Due Process of Law rights, is entitled to a writ of mandamus compelling the Governor John Kasich to fulfill his clear legal duty under the COTUS Fourteenth Amendment § 1, and is entitled to have this Court perform its Judicial duties and functions in providing adjudication in Relator Mr. Clemons' cause.

Respectfully submitted,

Cornelius J. Clemons

| CORNELIUS J. CLEMONS<br>1280 Norton Avenue Apt. 304<br>Columbus, Ohio 43212<br>(614) 816-3416; 450-2676<br>Teff980@yahoo.com<br>Pro se. Counsel | |

Dated:          May ___18___ , 2018

10