# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**CORNELIUS CLEMONS,**

     **Plaintiff,**

  v.                              Civil Action 2:18-cv-954
                                 Judge James L. Graham
                                 Magistrate Judge Jolson

**JOHN KASICH,**

     **Defendant.**

## REPORT AND RECOMMENDATION AND ORDER

Plaintiff, Cornelius Clemons, an Ohio resident who is proceeding without the assistance of counsel, brings this action against Governor John Kasich. This matter is before the undersigned for consideration of Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Doc. 1) and the initial screen of Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2). Plaintiff's request to proceed *in forma pauperis* is **GRANTED**. All judicial officers who render services in this action shall do so as if the costs had been prepaid. 28 U.S.C . § 1915(a). Furthermore, having performed an initial screen, and for the reasons that follow, the undersigned **RECOMMENDS** that the Court **DENY** Plaintiff's Motions (Docs. 2, 3, and 5) and **DISMISS** this case.

### I.    BACKGROUND

Plaintiff has invoked several statutes in his Complaint, including, *inter alia*, 28 U.S.C. § 1331, 28 U.S.C. § 1343 (3), 28 U.S.C. § 2201, 28 U.S.C. § 1651, 28 U.S.C. § 1657, 42 U.S.C. § 1983, and 42 U.S.C. § 1981. (*See generally* Doc. 1-2 at 1–2). Plaintiff also relies on the Magna Carta. (*See id.* at 7). The thrust of the Complaint, however, centers on a mandamus action Plaintiff brought in the Ohio Supreme Court. (*See, e.g.*, *id.* at 11–14). More specifically, it appears that

Plaintiff filed a mandamus action against Governor Kasich in the Ohio Supreme Court, and then Governor Kasich moved to dismiss the action. (*See id.*).

## II. LEGAL STANDARD

Because Plaintiff is proceeding *in forma pauperis*, the Court must dismiss the Complaint, or any portion of it, that is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." In reviewing the Complaint, the Court must construe it in favor of Plaintiff, accept all well-pleaded factual allegations as true, and evaluate whether it contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). On the other hand, a complaint that consists of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" is insufficient. *Id.* (quoting *Twombly*, 550 U.S. at 555). Although *pro se* complaints are to be construed liberally, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), "basic pleading essentials" are still required. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

## III. DISCUSSION

The Undersigned recommends dismissal on two grounds.

### A. *Rooker-Feldman* Doctrine

First, as noted, the heart of Plaintiff's Complaint centers on the Ohio Supreme Court's decision in Plaintiff's mandamus action. Indeed, Plaintiff states that his "Complaint raises the

federal question; Whether, Plaintiff was deprived of property without due process of law in Ohio Supreme Court Case No., 2018-701 . . . ." (Doc. 1-2 at 6). In support of this claim, Plaintiff contends that his rights were infringed when Governor Kasich moved to dismiss the state-court action. (*Id.* at 13). Further, although he has not expressly named them as defendants, Plaintiff seeks relief against the "Judicial Officers of the Ohio Supreme Court." (*Id.*).

Based on all of this, the undersigned reads Plaintiff's Complaint as a challenge to a state-court judgment. Said differently, Plaintiff wants relief from what the state court did. The *Rooker-Feldman* doctrine, however, bars such a claim in this Court. *See Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923). That is so because the United States District Court does not have jurisdiction to review state-court judgments—only the United States Supreme Court has that power. *See Gottfried v. Medical Planning Servs.*, 142 F.3d 326, 330 (6th Cir. 1998). Further, under the *Rooker-Feldman* doctrine, a litigant cannot collaterally attack a state court judgment by filing a civil rights complaint. *See Daniels v. State of Ohio*, No. 2:08-cv-16, 2008 WL 3843574, at *1 (S.D. Ohio Aug. 13, 2008) (stating that the *Rooker-Feldman* doctrine prevents a plaintiff from collaterally attacking a state court judgment by bringing it as a civil rights action). On this basis alone, the undersigned recommends dismissal of the Complaint.

### B. Failure to State a Claim

As noted, Governor John Kasich is the only named defendant in this action. (*See generally* Doc. 1). At base, Plaintiff claims that his rights were violated when Governor Kasich moved to dismiss his mandamus action:

> Plaintiff alleges, that John Kasich, as Governor of Ohio, and/or the Ohio Supreme Court of Ohio, in Ohio Supreme Court Case No. 2018-701, through the usage of *Ohio Civil Rules of Civil Procedure 12 (B)(6) Motion to Dismiss* (June 14, 2018) and/or *Judgment Granting Motion to Dismiss* (Aug. 1, 2018),

3

> subjected and/ or caused the Plaintiff to be subjected to the deprivation of his COTUS Fifth Amendment right to due process of law of Equal Rights 42 U.S.C. § 1981 in enforcing contract of Ohio Constitution Article II § 35 for security of his property; for which deprived Plaintiff the possession of his property. Plaintiff also alleges, that without this federal judicial forum to provide Plaintiff with his COTUS Fifth Amendment right to due process of law of Equal Rights 42 U.S.C. § 1981 in enforcing contract of Ohio Constitution Article II § 35 for the security of his property, as is enjoyed by white citizens; the Plaintiff will be continually damnified by; the deprivation of property, without due process of law; in denial, deprivation and/or violation of the guarantee of COTUS Fifth Amendment.

(*Id.* at 15).

Although the Court construes the Complaint in Plaintiff's favor at this stage, *see Twombly*, 550 U.S. at 570, Plaintiff's allegations have two fatal flaws. First, Plaintiff has sued Governor Kasich in his individual capacity. Accordingly, Plaintiff must allege facts sufficient to show that Governor Kasich had personal involvement related to Plaintiff's alleged deprivation of rights. *See Hendricks v. Kasich*, 2013 U.S. Dist. LEXIS 71991 (S.D. Ohio May 21, 2013) (dismissing claim against the governor because plaintiff failed to allege that the governor was even aware of alleged constitutional violations). *See also Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008) ("Because *§ 1983* liability cannot be imposed under a theory of *respondeat superior*, proof of personal involvement is required for a supervisor to incur personal liability.") (quoting *Miller v. Calhoun County*, 408 F.3d 803, 817 n.3 (6th Cir. 2005). Plaintiff alleges that Governor Kasich, in his *official capacity*, moved to dismiss Plaintiff's action in the Ohio Supreme Court. Plaintiff does not, however, allege that Governor Kasich had any personal involvement in that litigation or the underlying factual allegations at issue in that lawsuit. As such, the allegations are insufficient to state a claim.

Second, and perhaps even more fundamentally, Plaintiff's only accusations against Governor Kasich relate to his filing a motion to dismiss in the Ohio Supreme Court. The Court is

unaware of any case holding that such litigation tactics violate another's constitutional rights. Consequently, the undersigned recommends dismissal on this basis as well. *See* 28 U.S.C. § 1915(e)(2).

**C. Plaintiff's Other Motions (Docs. 2, 3, and 5)**

In addition to his Complaint, Plaintiff has filed a Motion for Preliminary Injunction (Doc. 2), Amended Motion for Preliminary Injunction (Doc. 3), Notice to the Court and Clerk (Doc. 4), and Ex Parte Motion to Expedite Cases Upon Accelerated Calendar and Shorten Defendant's Time to Answer and Request for Emergency Relief (Doc. 5). Those filings raise the same arguments as the Complaint itself and otherwise seek faster relief against Governor Kasich. Accordingly, the undersigned **RECOMMENDS** that those Motions be **DENIED** for the same reasons explained above.

**IV. CONCLUSION**

For the foregoing reasons, the undersigned **RECOMMENDS** that the Court **DENY** Plaintiff's Motions (Docs. 2, 3, and 5) and **DISMISS** this case.

**Procedure on Objections**

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1). Failure to object to

5

the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 152–53 (1985).

    IT IS SO ORDERED.

Date: September 11, 2018                             /s/ Kimberly A. Jolson
                                                                            KIMBERLY A. JOLSON
                                                                            UNITED STATES MAGISTRATE JUDGE