IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Cornelius Clemons,

      Plaintiff,

    v.                        Case No. 2:18-cv-954

John Kasich,

      Defendant.

OPINION AND ORDER

    This is an action filed by Cornelius Clemons, proceeding pro
se, against Ohio Governor John Kasich.  In his complaint, plaintiff
cites several statutes, including 42 U.S.C. §§1981 and 1983.
However, plaintiff's complaint focuses primarily on a mandamus
action he previously filed against Governor Kasich in the Ohio
Supreme Court.  In that case, plaintiff petitioned the Ohio Supreme
Court to order Governor Kasich to pay him worker's compensation
benefits which he alleged were due to him.  Governor Kasich filed
a motion to dismiss the mandamus action, which was granted by the
Ohio Supreme Court.  Plaintiff now claims in the instant case that
he was deprived of property without due process of law when
Governor Kasich moved to dismiss the state mandamus action.

    The magistrate judge conducted an initial screen of
plaintiff's complaint pursuant to 28 U.S.C. §1915(e)(2).  In an
initial screen report and recommendation filed on September 11,
2018, the magistrate judge granted plaintiff's request to proceed
in forma pauperis, but recommended that plaintiff's complaint be
dismissed.  See Doc. 3.  The magistrate judge also recommended
denying plaintiff's motion for a preliminary injunction, his
amended motion for a preliminary injunction, and his ex parte

motion to expedite the case.

The magistrate judge observed that plaintiff's complaint challenges the decision of the Ohio Supreme Court in the state mandamus action. The magistrate judge correctly noted that a review of the Ohio Supreme Court decision by this court is barred under the Rooker-Feldman doctrine. See Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923), and Dist. of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983). The magistrate judge also concluded that plaintiff's complaint fails to state a claim for relief against Governor Kasich. Plaintiff alleges that Governor Kasich, in his official capacity, moved to dismiss the mandamus action. The magistrate judge noted that plaintiff has sued Governor Kasich in his individual capacity, but has failed to allege that Governor Kasich had any personal involvement in the asserted deprivation of plaintiff's constitutional rights. The magistrate judge further observed that plaintiff's only allegations against Governor Kasich relate to the filing of a motion to dismiss in the state mandamus action. Plaintiff has failed to allege facts indicating how such a litigation tactic could constitute a violation of plaintiff's constitutional rights.

The report and recommendation specifically advises plaintiff that the failure to object to the report and recommendation within fourteen days of the report results in a "waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation." The time period for filing objections to the report and recommendation has expired. Plaintiff did not file

objections to the report and recommendation.  Plaintiff did file a motion for leave to file an amended complaint.  However, in that filing, he made no objections to the recommendations of the magistrate judge, and he provided no information as to how an amended complaint would cure the deficiencies in his present complaint.

The court agrees with the conclusions of the magistrate judge, and hereby adopts the report and recommendation (Doc. 7).  The motion for a preliminary injunction (Doc. 2), the amended motion for a preliminary injunction (Doc. 3), the ex parte motion to expedite the case (Doc. 5) and the motion for leave to file an amended complaint (Doc. 8) are denied.  Plaintiff's complaint is hereby dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii), for failure to state a claim for which relief may be granted.  The clerk shall enter a judgment dismissing this case.

Date: October 2, 2018               <u>       s/James L. Graham     </u>
                                      James L. Graham
                                      United States District Judge